UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL ALLEN HOPP,

        Petitioner,                    Case Number: 03-73248

v.                                            HON. LAWRENCE P. ZATKOFF

SHERRY BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I.  Introduction

Petitioner Joel Allen Hopp has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, pursuant to convictions for kidnapping, first-degree home invasion, assault with a dangerous weapon, and felony firearm.  He challenges the constitutionality of his convictions.  For the reasons set forth below, the Court denies the petition.

### II.  Background

Petitioner pleaded no contest in Macomb County Circuit court to kidnapping, first-degree home invasion, assault with a dangerous weapon, and felony firearm.  On July 27, 2000, he was sentenced to eleven to seventeen years imprisonment for the kidnapping conviction, eight to twenty years for the first-degree home invasion conviction, one to

four years for the felonious assault conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

> I.  Defendant was denied the effective assistance of counsel when counsel failed to advise him that by pleading no contest to kidnapping of a minor [he was] required [to register] as a sex offender.
>
> II. The trial court's failure to advise defendant of the requirement to register as a sex offender since the offense involved kidnapping of a minor rendered defendant's plea involuntary and unknowing.

The Michigan Court of Appeals dismissed the application because it was not filed within twelve months of the judgment of sentence as required by Michigan Court Rule 7.205(F)(3). People v. Hopp, No. 240614 (Mich. Ct. App. Apr. 30, 2002).

Petitioner filed a delayed application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. People v. Hopp, No. 121646 (Mich. Dec. 4 2002).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented to the state courts.

### III.  Analysis

Respondent argues that Petitioner's claims are procedurally defaulted because the Michigan Court of Appeals relied on a state procedural rule in declining to address Petitioner's claims. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state

> court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, Coleman, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. United States v. Frady, 456 U.S. 152, 167-69 (1982); Simpson v. Sparkman, 94 F.3d 199, 202 (6th Cir. 1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." Rust, 17 F.3d at 162; Murray v. Carrier, 477 U.S. 478, 496 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 932 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. Coleman, 501 U.S. at 729-30. "When a state court judgment appears to have rested

primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." Simpson, 94 F.3d at 202.

If the last state court from which the petitioner sought review denies the claim, but the judgment contains no reasoning, simply affirming the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

This Court begins its analysis of whether Petitioner's claims are procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claims. *See* Coleman, 501 U.S. at 729-30. The last state court to issue a reasoned opinion addressing the allegedly procedurally defaulted claims, the Michigan Court of Appeals, dismissed the Petitioner's application for leave to appeal because it was not filed within twelve months of the judgment of sentence as required by Michigan Court Rule 7.205(F)(3). People v. Hopp, No. 240614 (Mich. Ct. App. Apr. 30, 2002). A state court's rejection of a post-conviction appeal because it was untimely establishes a procedural default. Coleman, 501 U.S. at 750.

Petitioner fails to assert cause to excuse his procedural default. He also fails to demonstrate that failure to consider these claims will result in a fundamental miscarriage

of justice. Therefore, the Court concludes that Petitioner's claims are barred by procedural default.

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

                                            s/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: October 19, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 19, 2005.

                                            s/Marie E. Verlinde
                                            Case Manager
                                            (810) 984-3290